IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TAYWAN DEWAYNE CAMPBELL, <br> AIS 210809, <br><br> Plaintiff, <br><br> v. <br><br> SGT. T. RODGERS, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 2:20-cv-18-WKW-JTA <br> ) <br> ) <br> ) <br> ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

*Pro se* Plaintiff Taywan Campbell, an inmate housed at the Limestone Correctional Facility in Harvest, Alabama, filed this action under 42 U.S.C. § 1983. (Doc. No. 1.) Review of the proceedings reflects the Complaint and amendment thereto were properly served on Defendant David Dennis via certified mail on May 11, 2020 (Doc. No. 29), and by personal service on July 22, 2020 (Doc. No. 40), but as of August 1, 2022, Defendant Dennis had not filed an answer or otherwise responded to the Complaint and amendment.

Because the time for Defendant Dennis to respond to Plaintiff's Complaint and amendment had expired, *see* Fed. R. Civ. P. 12(a)(1)(A), no entry of default had been entered, and Plaintiff had not requested entry of default for Defendant Dennis' failure to answer the Complaint and amendment, the Court entered an Order on August 1, 2022, directing Plaintiff to show cause, by August 12, 2022, why entry of default had not been requested for Defendant Dennis. (Doc. No. 47.) The Court informed Plaintiff his failure to show cause or file a motion for entry of default by August 12, 2022, would result in a

recommendation that Defendant Dennis be dismissed from this cause of action without prejudice for Plaintiff's failure to prosecute. (*Id.*) To date, Plaintiff has not filed a response or otherwise complied with the Court's August 1, 2022, Order.

The authority to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.; *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Based on the foregoing, the undersigned Magistrate Judge RECOMMENDS as follows:

1. Plaintiff's claims against Defendant David Dennis be DISMISSED without prejudice.

2. Defendant Dennis be TERMINATED as a party to this action.

3. This case be referred to the undersigned for further proceedings.

It is ORDERED that **by December 13, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal

2

conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 28th day of November, 2022.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE